**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

1550 Main Street, Suite 310
Springfield, Massachusetts 01103

April 27, 2006

Thomas A. Kokonowski, Esq.
21 Stockbridge Street
Springfield, MA   01103

> **Re:   United States v. Joseph Sullivan**
> **CR-N-04-30046-MAP**

Dear Attorney Kokonowski:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Joseph Sullivan, ("Defendant"), in the above-captioned case.  The Agreement is as follows:

### 1.   Change of Plea

At the earliest practicable date, Defendant shall plead guilty to the following three counts of the above-captioned Indictment:  Counts Twenty-Three and Fifty-Seven, Wire Fraud, a violation of Title 18, United States Code, Section 1343, and Count Sixty-Nine, Conspiracy to Commit Money Laundering, a violation of Title 18, United States Code, Sections 1956(h) and 1957.  Defendant expressly and unequivocally admits that Defendant knowingly, intentionally and willfully committed these crimes, and is in fact guilty of those offenses.  The Government agrees to dismiss the remaining counts of the Superseding Indictment in which defendant Sullivan has been charged at the imposition of sentence.

### 2.   Penalties

Defendant faces a maximum term of imprisonment of thirty years, a fine of $1,000,000.00, three years of supervised release, and a special assessment of $100.00 for each of the Title 18, United States Code, Section 1343 offenses.  Defendant faces a maximum term of imprisonment of ten years, a $250,000.00

fine or not more than twice the value of the criminally derived property involved in the transaction, three years of supervised release, and forfeiture as stated in the Superseding Indictment for the Title 18, United States Code, Sections 1956(h) and 1957 charge.

3.    Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by United States v. Booker and United States v. Fanfan, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties will take the following positions at sentencing under the 2001 United States Sentencing Guidelines:

(a)    The parties agree that § 2B1.1(a)(Fraud) applies. The Government will argue that § 1B1.3 (Relevant Conduct) also applies. The defendant reserves the right to argue the extent to which certain allegations of relevant conduct apply;

(b)    The Government will argue that § 2B1.1(b)(1)(J) applies as the measure of "loss", and that the amount of fraudulent loans obtained was between $2,500,000.00 and $7,000,000.00, thus increasing the Offense Level to 24. The parties agree, however, that the defendant may present evidence of credits against this loss figure at sentencing pursuant to the § 2B1.1 Application Notes and argue against this figure;

(c)    If the court finds that the "buyers" were victims as defined by the Guidelines and pertinent caselaw, the parties agree that § 2B1.1(b)(2)(B) applies because the offense involved more than fifty victims, resulting in an increase of the Offense Level to a potential maximum of 28. If the court finds that the "buyers" of properties do not qualify as victims as defined by the Guidelines and pertinent caselaw, the Government will argue that § 2B1.1(b)(2)(A) applies to this

2

Defendant, increasing the Offense Level to a
potential maximum of 26.  The defendant will argue
against application of this specific offense
characteristic;

(d)    The parties agree that the Government will argue
that § 2B1.1(b)(12) applies because the defendant
derived more than $1,000,000.00 in gross receipts
from one or more financial institutions, thus
increasing the defendant's Offense Level to a
potential maximum of 28 or 30.  The parties agree,
however, that the defendant may challenge this
adjustment;

(e)    The Government intends to argue that the defendant
abused his position of trust under § 3B1.3, thus
increasing the Offense Level to a potential
maximum of 30 or 32.  The defendant reserves the
right to argue against this adjustment;

(f)    The parties agree that the wire fraud offenses and
money laundering offense group under § 3D1.2, thus
causing no increase in Defendant's Total Offense
Level.  However, given defendant's plea to a §
1956(h) conspiracy with the sole object of that
conspiracy being the commission of an offense set
forth in § 1957, the Government will argue that
the Offense Level increases by one level to a
potential maximum of 31 or 33 pursuant to §
2S1.1(b)(2)(A).  The defendant reserves the right
to argue against this adjustment; and,

(g)    The parties agree that the defendant is free to
argue that the defendant occupied a minor role
relative to his co-conspirators.  The Government,
however, intends to oppose this position.

In the event Defendant contends that there is a basis for
departure from the otherwise applicable U.S. Sentencing Guideline
range based on his medical, mental and/or emotional condition, or
otherwise intends to rely on any such condition at sentencing,
Defendant will, forthwith upon request, execute all releases and
other documentation necessary to permit the U.S. Attorney and his
experts (including medical personnel of the Bureau of Prisons) to
obtain access to Defendant's medical, psychiatric, and
psychotherapeutic records and will also provide to the U.S.
Attorney forthwith copies of any such records already in his
possession.  In addition, Defendant will authorize his care

providers to discuss his condition with the U.S. Attorney and his agents (including medical personnel of the Bureau of Prisons), as well as experts retained by the U.S. Attorney.  Defendant also agrees to submit to examinations and interviews with experts retained by and chosen by the U.S. Attorney (including medical personnel of the Bureau of Prisons).  The U.S. Attorney reserves the right to oppose Defendant's departure argument(s).

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by two levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1 to a potential maximum Offense Level of 28 or 30.  The defendant reserves the right to argue for the third level decrease under the 2001 Sentencing Guidelines.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

(a)  Fails to admit a complete factual basis for the plea;

(b)  Fails to truthfully admit his conduct in the offenses of conviction;

(c)  Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d)  Fails to provide truthful information about his financial status;

(e)  Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f)  Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g)  Intentionally fails to appear in Court or violates any condition of release;

(h)  Commits a crime;

4

(i)   Transfers any asset protected under any provision
      of this Agreement; and/or

(j)   Attempts to withdraw his guilty plea.

Defendant expressly understands that Defendant may not
withdraw his plea of guilty if, for any of the reasons listed
above, the U.S. Attorney does not recommend that Defendant
receive a reduction in Offense Level for acceptance of
responsibility.

Defendant expressly understands that, in addition to
declining to recommend an acceptance-of-responsibility
adjustment, the Government may seek an upward adjustment pursuant
to U.S.S.G. § 3C1.1 if Defendant obstructs justice after the date
of this Agreement.

4.   Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence
before the District Court:

(a)   Incarceration within the guideline range as
      determined by the court at sentencing;

(b)   Fine [unless the court finds that Defendant is not
      able and, even with the use of a reasonable
      installment schedule, is not likely to become able
      to pay a fine];

(c)   Restitution;

(d)   Mandatory special assessment of $300.00; and,

(e)   Supervised release.

Defendant agrees that he will provide to the U.S. Attorney
expert reports, motions, memoranda of law and documentation of
any kind on which he intends to rely at sentencing not later than
twenty-one days before sentencing.  Any basis for sentencing with
respect to which all expert reports, motions, memoranda of law
and documentation have not been provided to the U.S. Attorney at
least twenty-one days before sentencing shall be deemed waived.

In the event of an appeal from, or collateral challenge to,
Defendant's sentence, the U.S. Attorney reserves his right to
argue the correctness of Defendant's sentence and the manner in
which the District Court determines it.

5.    Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment of $300.00 to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.    Protection of Assets for Payment of Restitution, Forfeiture and Fine

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which he has an interest without prior express written consent of the U.S. Attorney, except for:

(1)    Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $10,000.00;

(2)    Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom he owes a legal duty of support, so long as such assets do not exceed $3,000.00 per month; and

(3)    Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture and/or restitution ordered by the Court at sentencing as a result of the conduct charged in the Indictment are satisfied in full.

Defendant further agrees that, prior to sentencing, he will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

7.    Waiver of Hyde Amendment Claim

Defendant is aware that 111 Stat. 2440, 2520 (1997), the so-called "Hyde Amendment," authorizes courts in criminal cases to award to certain prevailing defendants attorneys' fees and other litigation expenses.  In exchange for concessions made by the U.S. Attorney in this Agreement, Defendant voluntarily and

6

knowingly waives any claim that he might assert under this
statute based in whole or in part on the U.S. Attorney's
agreement in paragraph 1 to dismiss certain counts of the
Superseding Indictment.

    8.    Court Not Bound By Agreement

    The sentencing recommendations made by the parties and their
respective calculations under the Sentencing Guidelines are not
binding upon the U.S. Probation Office or the sentencing judge.
Within the maximum sentence which Defendant faces under the
applicable law, the sentence to be imposed is within the sole
discretion of the sentencing judge.  Defendant's plea will be
tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B).  Defendant may
not withdraw his plea of guilty regardless of what sentence is
imposed.  Nor may Defendant withdraw his plea because the U.S.
Probation Office or the sentencing judge declines to follow the
Sentencing Guidelines calculations or recommendations of the
parties.  In the event that the sentencing judge declines to
follow the Sentencing Guidelines calculations or recommendations
of the U.S. Attorney, the U.S. Attorney reserves the right to
defend the sentencing judge's calculations and sentence in any
subsequent appeal or collateral challenge.

    9.    Information For Presentence Report

    Defendant agrees to provide all information requested by the
U.S. Probation Office concerning his assets.

    10.    Civil Liability

    By entering into this Agreement, the U.S. Attorney does not
compromise any civil liability, including but not limited to any
tax liability, which Defendant may have incurred or may incur as
a result of his conduct and his plea of guilty to the charges
specified in Paragraph 1 of this Agreement.  Defendant agrees to
cooperate with employees of the IRS, the Civil Division of the
U.S. Attorney's Office, and law enforcement agents working with
attorneys in the Civil Division of the U.S. Attorney's Office, in
making an assessment of his civil liabilities.  Defendant
specifically authorizes release by the FBI, IRS or other
investigative agency to the aforementioned agencies and their
representatives of information for purposes of making that
assessment.  Defendant further agrees to assent to the filing and
allowance of a motion under Rule 6(e) of the Federal Rules of
Criminal Procedure, to permit the disclosure of matters occurring
before the grand jury for this purpose.

11.  Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court
for whatever reason, or later be withdrawn on motion of
Defendant, this Agreement shall be null and void at the option of
the U.S. Attorney.

12.  Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to
comply with any provision of this Agreement, has violated any
condition of his pretrial release, or has committed any crime
following his execution of this Agreement, the U.S. Attorney may,
at his sole option, be released from his commitments under this
Agreement in their entirety by notifying Defendant, through
counsel or otherwise, in writing.  The U.S. Attorney may also
pursue all remedies available to him under the law, irrespective
of whether  he elects to be released from his commitments under
this Agreement.  Further, the U.S. Attorney may pursue any and
all charges which have been, or are to be, dismissed pursuant to
this Agreement.  Defendant recognizes that no such breach by him
of an obligation under this Agreement shall give rise to grounds
for withdrawal of his guilty plea.  Defendant understands that,
should Defendant breach any provision of this agreement, the U.S.
Attorney will have the right to use against Defendant before any
grand jury, at any trial or hearing, or for sentencing purposes,
any statements which may be made by him, and any information,
materials, documents or objects which may be provided by him to
the government subsequent to this Agreement, or pursuant to any
subsequent proffer agreement without any limitation.  In this
regard, Defendant hereby waives any defense to any charges which
Defendant might otherwise have under any statute of limitations
or the Speedy Trial Act.

13.  Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the
District of Massachusetts, and cannot and does not bind the
Attorney General of the United States or any other federal, state
or local prosecutive authorities.

14.  Complete Agreement

This letter contains the complete and only agreement between
the parties relating to the disposition of this case.  No
promises, representations or agreements have been made other than
those set forth in this letter.  This Agreement supersedes prior
understandings, if any, of the parties, whether written or oral.

8

This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney William M. Welch II.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
    DIANE FRENIERE
    Assistant U.S. Attorney
    Chief,
    White Collar Crime Section

    WILLIAM M. WELCH II
    Assistant U.S. Attorney

9

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Joseph Sullivan
Defendant

Date: 5/5/2006


I certify that Joseph Sullivan has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Thomas Kokonowski, Esq.
Attorney for Defendant

Date: 5/5/06

10